WARNER, J.,
concurring specially.
I concur in the reversal for attachment of records to substantiate the trial court’s order denying relief. However, I do so only because of the lengthy court-made precedent requiring this additional step in rule 3.800 proceedings.
Unlike rule 3.850(d), which requires the court to attach those portions of the record which conclusively refute a prisoner’s allegations entitling him to postconviction relief, there is no comparable requirement in rule 3.800(a). The appellate record for appeal purposes includes “copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.” Fla. R.App. P. 9.141(b)(2)(A).
This summary appellate record provision originally covered only rule 3.850 proceedings. In 1992, the prior rule was amended to include' rule 3.800 appeals, and at that time the phrase “attachments to any of the foregoing” was added. In re Amendments to Fla. Rules of Appellate Procedure, 609 So.2d 516, 546 (Fla.1992). The committee notes reveal:
Subdivision (g) was amended to provide a specific procedure to be followed by the courts in considering appeals from summary denial of Florida Rule of Criminal Procedure 3.800(a) motions. Because such motions are in many respects comparable to Florida Rule of Criminal Procedure 3.850 motions, it was decided to use the available format already created by existing subdivision (g) of this rule. Because a Florida Rule of Criminal Procedure 3.800(a) motion does not have the same detailed requirements as does a Florida Rule of Criminal Procedure 3.850 motion, this subdivision also was amended to require the *1285 transmittal of any attachments to the motions in the lower court.
Id. at 549 (emphasis supplied). Thus, it is clear that nowhere in the rules is there a requirement that the trial court attach portions of the record which conclusively refute the prisoner’s claim for jail credit or to refute a claim of an illegal sentence.
Nevertheless, through a host of cases the district courts have imposed the requirement of attaching portions of the record justifying the order of denial, because without any attachments the courts have essentially no “record” from which to conduct a meaningful review of the trial court’s order. I point this out only as another reason why the rules of postcon-vietion procedure and appellate procedure are desperately in need of review and revision to permit efficient as well as effective review of these claims.